UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DRISCOLL M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-0185-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1980, has an associate's degree, and previously worked as a plastic molding machine technician and residential rehabilitation counselor. AR 67-71. Plaintiff was last gainfully employed in 2008. AR 1041.

In April 2017, Plaintiff applied for benefits, with an amended alleged onset date of September 14, 2017. AR 758. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR 147-50, 154-59. After the ALJ conducted

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

a hearing in January 2019 (AR 64-91), the ALJ issued a decision finding Plaintiff not disabled. AR 15-22.

The Appeals Council denied Plaintiff's request for review (AR 1-6), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings. AR 853-54. On remand, a different ALJ held a hearing in November 2022 (AR 782-823), and subsequently entered a decision finding Plaintiff not disabled. AR 757-75.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since his application date.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease, gastrointestinal disorder, chronic pancreatitis, asthma/chronic obstructive pulmonary disorder, and anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform light work with additional limitations: he can stand/walk for three hours in an eight-hour workday, and can sit for six hours in an eight-hour workday in one-hour increments, between which he needs to change positions for a few minutes at the workstation and can continue working while in the changed position. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to vibrations, pulmonary irritants, and hazards. He can have superficial and occasional interaction with the general public. He can work in the same room with co-workers and with no coordination with co-workers. He requires an additional two breaks during the workday of five minutes each.

**Step four**: Plaintiff cannot perform his past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

AR 757-75.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

AR 757-75.

Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred in discounting his alleged need for bathroom breaks up to 15 minutes in length and, in the alternative, whether the ALJ should have further developed

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

the record as to the duration of the bathroom breaks Plaintiff needs. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Assessing Plaintiff's Testimony Regarding Bathroom Breaks

The ALJ summarized Plaintiff's testimony regarding his gastrointestinal issues and corresponding need for bathroom breaks as follows:

> [Plaintiff] said that his gastrointestinal issues are unpredictable and when he has a flareup, he needs access to a restroom 10 to 15 times a day or more. [Plaintiff] said that he has minor flares three to four times a month, and the major ones do not happen often. Minor flares involve multiple trips to the bathroom, nausea, and some vomiting; major flares are when his symptoms persist and last for multiple times a day, he said that these happen two to three times per month. He said that he has tapered off methadone but continues to have gastrointestinal issues. [Plaintiff] testified that when he is in the restroom, his visits can last from five to 15 minutes and said that the process takes a lot of time from his day.

AR 763. The ALJ found that the record indicated that Plaintiff did not require any treatment beyond medication for his condition, and that after Plaintiff stopped taking methadone, his gastrointestinal issues improved. AR 765. According to the ALJ, there is no objective support for the persistent, ongoing limitations that Plaintiff described. *Id.*

Absent evidence of malingering, an ALJ's reasons for discounting a claimant's allegations must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Plaintiff contends that the ALJ failed to provide clear and convincing reasons to discount his allegation that he needs bathroom breaks of up to 15 minutes in duration. Dkt. 9 at 5-7. The Court agrees, because the only valid reason provided by the ALJ for discounting that testimony is the lack of objective support, and the Ninth Circuit has repeatedly and recently held that a lack of objective support cannot solely support an ALJ's discounting of a claimant's testimony. *See, e.g., Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).

The Commissioner urges the Court to affirm the ALJ's other lines of reasoning, specifically the ALJ's finding of Plaintiff's conservative treatment (medication) and the finding that Plaintiff's symptoms improved after he stopped using methadone.[3] Dkt. 16 at 4-5. That a claimant's course of treatment is conservative can undermine an allegation of disabling impairments, except where no non-conservative treatment options exist. Here, the medical expert testified that there are no other forms of treatment for chronic pancreatitis, other than what Plaintiff received. *See* AR 797. Thus, the ALJ erred in suggesting that Plaintiff's course of treatment undermined his complaints of disabling limitations. *See, e.g.*, *Lapierre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. Jun. 9, 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist.").

Furthermore, Plaintiff admitted at the hearing that his symptoms improved after he stopped using methadone, but nonetheless testified that some of the symptoms persisted. *See* AR 807-08. Thus, although the Commissioner accurately notes that evidence of improvement with treatment is a legally sufficient reason "to reject claims of lack of improvement" (Dkt. 16 at 4), Plaintiff here admitted improvement. Thus, the evidence of improvement does not contradict his allegations.

Therefore, the only remaining reason to discount Plaintiff's testimony regarding the frequency and duration of his bathroom breaks is the lack of objective support. Plaintiff does not explicitly disagree that there is no objective support for that allegation, but emphasizes that this reason alone cannot support the ALJ's rejection of that testimony. Dkt. 17 at 3. As explained *supra*, Plaintiff's argument is supported by Ninth Circuit precedent and the Court thus finds

---

[3] The Commissioner also points to evidence of Plaintiff's non-compliance with treatment recommendations as inconsistent with his allegations (Dkt. 16 at 7), but the ALJ did not cite this line of reasoning in her assessment of Plaintiff's testimony and the Court will therefore not consider it as a basis for affirming this part of the ALJ's decision.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

reversible error in the ALJ's assessment of this part of Plaintiff's testimony.  *See Smartt*, 53 F.4th at 498.

### B. The Appropriate Remedy is a Remand for Further Proceedings

The Court has discretion to remand for further proceedings or to award benefits.  *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'"  *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).  *Accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

Before remanding a case for an award of benefits, three requirements must be met.  First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'"  *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'"  *Id*.  In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made.  *Id*. (quoting *Treichler*, 775 F.3d at 1105).  Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'"  *Id*. (quoting *Garrison*, 759 F.3d at 1021).

In this case Plaintiff requests a remand for a finding of disability (Dkt. 17 at 9), but the Court finds that this remedy is inappropriate because there is conflicting evidence in the record regarding the extent of the bathroom breaks required by Plaintiff.  Plaintiff testified that during a

1 flare he visited the bathroom 10-15 times per day, and some of those visits were up to 15 minutes
2 in duration, but explained that the flares occurred only a few times per month. AR 803, 807-08.
3 The medical expert testified that based on his review of the record, he believed Plaintiff would
4 require two bathroom breaks (of unspecified duration) beyond the number of bathroom breaks
5 needed for an average employee. AR 796-97. Further proceedings would serve the useful
6 purpose of resolving this conflict in the record to determine the frequency and duration of the
7 bathroom breaks required by Plaintiff, and whether that frequency/duration of bathroom breaks
8 would be tolerated in the workplace. Notably, Plaintiff's opening brief contends that the ALJ
9 should have further developed the record as to the duration of Plaintiff's bathroom breaks (Dkt. 9
10 at 8-9), which suggests that further proceedings would be useful.

11 Accordingly, the Court finds that a remand for further proceedings is the appropriate
12 remedy for the ALJ's error in this case. *See Leon*, 880 F.3d at 1047 ("When there are
13 outstanding issues that must be resolved before a determination can be made, or if further
14 administrative proceedings would be useful, a remand is necessary.").

15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's testimony regarding the frequency and duration of his bathroom breaks, and further develop the record on this issue if necessary. The ALJ shall, if necessary, reformulate the RFC assessment and proceed through the remaining steps of the sequential evaluation as needed.

Dated this 25th day of August, 2023.

S. KATE VAUGHAN
United States Magistrate Judge